[923 NYS2d 567]

In the Matter of MICHAEL V. HANRAHAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 26, 2011

## APPEARANCES OF COUNSEL

*Robert A. Green,* Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated August 18, 2009, containing eight charges of professional misconduct. After a hearing on May 28, 2010, which was continued on June 11, 2010, the Special Referee sustained all eight charges. The Grievance Committee now moves for an order confirming the report of the Special Referee and imposing such discipline as the Court deems appropriate. The respondent has submitted an affirmation in partial opposition.

Charge one alleges that the respondent neglected a legal matter entrusted to him by failing to prosecute a wrongful death action on behalf of a client, Faith Ann Campo, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about January 2004, Campo retained the respondent to commence a wrongful death action on her behalf as a result of the death of her son in March 2002. At the time, the respondent advised Campo that time was of the essence, as there was a two-year statute of limitations applicable to her cause of action. Thereafter, the respondent made appointments to meet Campo, but either cancelled the appointments or failed to appear at them. The respondent advised Campo that scheduled meetings, including a deposition scheduled for July 2006, were cancelled by the judge or the defendant.

In or about December 2007, the respondent advised Campo that a settlement in the sum of $688,000 had been reached. On or about January 24, 2008, the respondent provided Campo with a general release form, reflecting a settlement amount of only $588,000, which Campo signed and returned to the respondent. The respondent explained to Campo that he would arrange to have the insurance company for the alleged tortfeasor

send her a copy of the settlement letter. In or about February 2008, the respondent advised Campo that the settlement letter would be sent to his office and that he would, in turn, fax a copy to her. The respondent also advised Campo that the settlement check would be sent to her in about 15 days, and assured her that the matter would be completely settled by March 1, 2008. Thereafter, the respondent continued to cancel appointments to meet with Campo to discuss the matter.

On or about March 25, 2008, Campo learned that no action had ever been commenced with respect to the wrongful death matter. When confronted, the respondent falsely told Campo that the papers had been filed and returned, and that he would be resubmitting them. In fact, the respondent never commenced the wrongful death action and failed to advise Campo that the statute of limitations had expired, barring her from commencing the action.

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by falsely leading his client to believe that a wrongful death action had been commenced and that a settlement had been reached on her behalf, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual allegations of charge one.

Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by neglecting a legal matter entrusted to him by a client and by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in connection with that matter, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations of charge one.

Charge four alleges that the respondent neglected a legal matter entrusted to him by failing to prosecute an action on behalf of a client, Frank Johnston, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about April 2005, Johnston retained the respondent to commence an action against Johnston's former business associate, Joseph DeCamp. During the course of the representation, Johnston paid the respondent retainer fees totaling $7,500.

Between April 2005 and January 2006, the respondent advised Johnston that he was proceeding with the matter, that he had served DeCamp with a summons and complaint, and that

DeCamp was represented by the firm of Silber & Silber. The respondent further advised Johnston that a cease and desist order was in place against DeCamp, that negotiations were proceeding towards a settlement, and that the matter was assigned to Supreme Court Justice Burke.

In or about January 2006, Johnston learned that there was no index number assigned to the case, that no action had been commenced and/or was pending before Justice Burke, and that there was no cease and desist order in place. The respondent admitted to Johnston that all his representations regarding the lawsuit were lies.

Thereafter, Johnston retained new counsel and requested a refund of the unearned fees he had paid to the respondent. In or about February 2007, Johnston received a check in the amount of $7,500, drawn on the account of Barbara Hanrahan, purportedly refunding the unearned fees owed to him by the respondent. That check was dishonored due to insufficient funds.

In or about March 2008, Johnston sought arbitration through the Suffolk County Bar Association Fee Dispute Resolution Committee in a further attempt to obtain a refund from the respondent. By stipulation of settlement dated April 15, 2008, the respondent agreed to refund the sum of $7,650 to Johnston within 10 days of the date of the stipulation. However, the respondent failed to honor the stipulation.

The respondent never commenced an action on behalf of Johnston and admitted that he failed to keep Johnston apprised of the status of Johnston's case.

Charge five alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by falsely leading his client to believe that a lawsuit had been commenced on his behalf, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual allegations of charge four.

Charge six alleges that the respondent failed to refund an unearned fee in the amount of $7,500 entrusted to him by his client, in violation of Code of Professional Responsibility DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]), based on the factual allegations of charge four.

Charge seven alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by neglecting a legal matter entrusted to him by his client; by engaging in conduct involving dishonesty, fraud, deceit, or misrepresenta-

tion in connection with that matter; and by failing to refund an unearned fee in the amount of $7,500 entrusted to him by Johnston, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations of charge four.

Charge eight alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by issuing a check to Charles Strugatz on an account that had previously been closed, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about December 17, 2007, the respondent borrowed the sum of $2,700 from Strugatz. On or about December 23, 2007, the respondent issued a check in the amount of $2,700 from an account entitled "Michael V. Hanrahan, Esq.," to Strugatz as and for repayment of the loan. The check was dishonored, inasmuch as that account had previously been closed. The respondent did not replace the dishonored check.

Thereafter, Strugatz filed a small claims action against the respondent and was awarded the sum of $2,700. A judgment was entered against the respondent on or about September 3, 2008. The respondent has failed to satisfy the judgment to date.

In his answer to the petition of the Grievance Committee, the respondent denied any knowledge or information sufficient to form a belief as to each and every allegation. However, he asserted a number of affirmative defenses in mitigation of any sanction to be imposed by the Court, including claims that he was suffering from severe emotional and psychological distress due to bipolar disorder; that his attempt to self-medicate the symptoms led him to alcohol addiction; that he suffered from additional emotional distress arising from his brother's diagnosis and treatment of a very rare cancer, the death of his mother-in-law, and his separation and actual divorce from his wife; and that he had taken steps to overcome his mental health problems and addiction to alcohol and to rehabilitate himself.

At the hearing on May 28, 2010, the parties entered into a stipulation of facts, wherein the respondent admitted the underlying acts of misconduct alleged in each of the charges.

Based on the respondent's admissions, and the evidence adduced, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, two letters attesting to the respondent's good character

were received in evidence. However, other than documentation of treatment the respondent received between May and December 2008, the Special Referee noted that the respondent offered nothing other than his own testimony to substantiate claims of treatment and aftercare during the relevant period. Moreover, notwithstanding the respondent's representation that, since 2009, he has been able to practice law without any problem, the respondent has, to date, failed to make payment to the two complainants to whom he is indebted.

The respondent's disciplinary history consists of a letter of caution, dated October 7, 2009, advising him to timely reregister with the Office of Court Administration and to advise it of any change of address. The respondent was also issued a letter of caution dated September 24, 1993, for neglecting a legal matter entrusted to him as a result of his hospitalization for treatment of his bipolar disorder. At that time, the Grievance Committee expressed concern that the respondent "preferred silence to forthrightness and hoped that, in the future, [he] would bring a greater degree of candor and cooperation to [his] dealings with this Committee."

In light of the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., MASTRO, RIVERA, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael V. Hanrahan, is suspended from the practice of law for a period of three years, commencing May 26, 2011, and continuing until further order of this Court; the respondent shall not apply for reinstatement earlier than six months prior to the expiration of that period, and in that application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Michael V. Hanrahan, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael V. Hanrahan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).