[14 NYS3d 913]

In the Matter of DAMIAN J. PIETANZA (Admitted as DAMIAN JOSEPH PIETANZA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 19, 2015

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn, for petitioner.
*Damian J. Pietanza*, New York City, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated February 11, 2014, containing six charges of professional misconduct. A preliminary conference was held on July 30, 2014. At the hearing on October 30, 2014, the petition was amended on consent. The Special Referee filed a report dated February 12, 2015, in which he sustained all six charges. The petitioner moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent submitted an affirmation in partial opposition, asserting that certain findings as to the "timing of certain events were inconsistent and not supported by the record evidence," and that factors in mitigation warrant limiting the discipline imposed to a public censure.

Charge one alleges that the respondent commingled personal funds with client funds entrusted to him as a fiduciary, incident to the practice of law, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about 2000, the respondent opened a "Public Service Trust Account" at Bank of America, entitled "Pietanza & Associates, P.C. Attorney IOLA Fund" (hereinafter the attorney escrow account). Between May 1, 2011 and May 31, 2012, the respondent deposited client funds entrusted to him as a fiduciary, incident to his practice of law, into his attorney escrow account. During the

same period, he allowed personal funds, in the form of earned legal fees, to be deposited into his attorney escrow account.

Charge two alleges that the respondent failed to maintain required bookkeeping records for his attorney escrow account, in violation of rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent failed to maintain records of all deposits into and withdrawals from his attorney escrow account, showing the date, source, and description of each item deposited, and the date, payee, and purpose of each withdrawal or disbursement. He also failed to maintain a contemporaneous ledger for the attorney escrow account, showing the source of all funds deposited, the name of all persons for whom these funds were held, the description and amounts of the funds, and the names of all persons to whom funds were disbursed.

Charge three alleges that the respondent engaged in a pattern and practice of misappropriating funds held in his attorney escrow account in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). On three occasions, the respondent issued checks from his attorney escrow account at a time when the account did not contain funds belonging to or earmarked for the client to whom the check was written and, as a consequence, the checks cleared against other client funds. The three disbursements are as follows:

| Date | Payee | Amount |
|------|-------|--------|
| 3/21/2012 | check # 1300 to client Jack Locicero | $ 19,000 |
| 4/14/2012 | check # 1304 to Sylvester Sichenze, Esq. | $ 12,500 |
| 4/30/2012 | check # 1311 to Agostino and Asselta | $ 10,000 |

Charge four alleges that, while representing clients in connection with pending litigation, the respondent improperly advanced financial assistance to his clients, in violation of rule 1.8 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0). On March 21, 2012, the respondent improperly advanced $19,000 on behalf of his client, Jack Locicero. On April 30, 2012, the respondent improperly advanced $10,000 on behalf of his clients Domenick Tonacchio and Park Slope Group.

Charge five alleges that the respondent neglected legal matters entrusted to him by his client Lisa Whelan-Brown in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about early 2011, Ms. Whelan-Brown retained the respondent to file an uncontested divorce. Approximately one year later, in or about early 2012, Ms. Whelan-Brown retained the respondent to file a name change application for her minor son. Although all necessary paperwork was

prepared and signed, the respondent failed to file the divorce papers and the name change application.

Charge six alleges that the respondent engaged in dishonesty, deceit, fraud, and misrepresentation in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0). When Ms. Whelan-Brown inquired of the respondent about the status of her divorce, he advised her that the case had been filed in the Supreme Court, Kings County. In furtherance of this claim, the respondent provided his client with a false document that he created, a summons with notice, containing a false stamp marked "Filed, Kings County Clerk, April 3, 2012," together with a false signature. When his client asked about the name change application, the respondent provided her with a document he fabricated, and told her that it was an order for a minor's name change from the Civil Court, Kings County.

Based on the respondent's admissions and evidence adduced, the Special Referee properly sustained the charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate sanction, the respondent claims that his actions "were clouded by poor judgment resulting from [his] health and emotional issues at the time," including a period of severe depression he experienced. In light of the same, as well as his remorse and the remedial actions he undertook to correct his professional misconduct prior to the commencement of these proceedings, the respondent seeks the imposition of a public censure. However, the respondent has engaged in serious misconduct including, inter alia, misappropriating client funds, commingling personal funds with client funds, neglecting a client's legal matter for approximately two years, and preparing and delivering fictitious court documents to that client. While the respondent claims that his conduct was not venal, we find that he deliberately and intentionally engaged in deception by preparing and presenting fictitious court documents to his client, which we conclude was designed to mislead his client as to the true status of her legal matters, and to conceal his neglect of her legal matters (see Matter of Kantor, 241 AD2d 103, 105 [1998]). Further, the respondent's disciplinary record is not unblemished, as he previously received a letter of caution.

Under the totality of the circumstances, we find that the respondent has engaged in serious misconduct warranting his suspension from the practice of law for a period of three years.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Damian J. Pietanza, admitted as Damian Joseph Pietanza, is suspended from the practice of law for a period of three years, commencing September 18, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 16, 2018. In such application, the respondent shall furnish satisfactory proof that during that period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Damian J. Pietanza, admitted as Damian Joseph Pietanza, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Damian J. Pietanza, admitted as Damian Joseph Pietanza, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).