[56 NYS3d 878]

In the Matter of Arnab Bhukta, a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, August 2, 2017

**APPEARANCES OF COUNSEL**

*Faith Lorenzo*, Hauppauge (*Elizabeth A. Grabowski* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated December 7, 2015, which contains 12 charges of professional misconduct. The respondent submitted an answer dated May 27, 2016, in which he largely admitted the factual specifications underlying the charges in the petition. After a prehearing conference on July 14, 2016, and a hearing on September 28, 2016, the Special Referee issued a report, which sustained all charges. The petitioner now moves to confirm the Special Referee's report and for the imposition of such discipline upon the respondent as the Court deems just and proper. After the petitioner filed the motion to confirm, the respondent's counsel moved for leave to withdraw as counsel of record. By decision and order on motion dated March 23, 2017, this Court granted counsel's motion for leave to withdraw as respondent's counsel and stayed the disciplinary proceeding until the expiration of 30 days after service upon the respondent of a copy of the Court's decision and order was effectuated. The respondent was served on April 26, 2017, by his former counsel. More than 30 days have elapsed since the respondent was served with this Court's decision and order on motion dated March 23, 2017, and the respondent has not filed any papers in response to the instant motion.

Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

At all relevant times herein, the respondent maintained an escrow account at JP Morgan Chase Bank, account number

ending 3639 (hereinafter the escrow account), incident to his law practice.

In or about February 2009, the respondent was retained by Carla Calabrese (hereinafter Calabrese) to represent her in a personal injury lawsuit against Associated Plastic Surgeons & Consultants (hereinafter Associated) on a contingency fee basis. The respondent settled the Calabrese case for $8,000. On or about October 14, 2014, the respondent deposited an $8,000 check into his escrow account, which he received from the insurance carrier for Associated. Thereafter, the respondent failed to promptly remit settlement proceeds to Calabrese. Instead, he advised Calabrese that there was a lien against the settlement proceeds and that she would not receive her funds until January 2015.

The respondent made no further deposits into the escrow account between October 14, 2014, and October 31, 2014. During that period, the respondent disbursed the Calabrese settlement funds from the escrow account as follows:

| Date | Transaction | Amount | Payee |
|------|-------------|--------|-------|
| 10/14/14 | Check No. 1031 | $1,000 | Respondent |
| 10/15/14 | Cash Withdrawal | $2,500 | |
| 10/15/14 | Cash Withdrawal | $2,400 | |
| 10/17/14 | Check No. 1021 | $ 800 | Respondent |
| 10/17/14 | Check No. 1032 | $ 660 | Respondent |
| 10/21/14 | Check No. 1033 | $ 210 | Suffolk County Clerk—Meraes Index |
| 10/31/14 | Check No. 1027 | $ 400 | Respondent |

When the respondent made the foregoing disbursements, he did not have Calabrese's authorization to utilize her funds.

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), by failing to cooperate with the petitioner in its investigation of a complaint, as follows:

The factual specifications of charge one are repeated and realleged as if more fully set forth herein. In or about November 2014, the respondent received a notice from the Lawyers' Fund for Client Protection (hereinafter LFCP), dated November 7, 2014, which reflected that his escrow check No. 1031, in the sum of $1,000, had been dishonored on October 14, 2014, due to insufficient funds. In response, by letter dated November 19, 2014, the respondent advised the petitioner that the notice from the LFCP was issued in error, as there were sufficient

available funds on deposit in the escrow account on October 14, 2014, when check No. 1031 was presented for payment. The respondent requested the petitioner to "not open any investigation as there is no reason to do so under these circumstances."

By letter dated December 9, 2014, sent to the respondent at his last known business address, as reflected in the attorney registration records of the Office of Court Administration, the petitioner acknowledged receipt of the respondent's letter dated November 19, 2014, and requested that he produce copies of his bank and bookkeeping records within 20 days. Specifically, the petitioner requested, inter alia, that the respondent provide records of all deposits into and withdrawals from his escrow account, which identify the date, source, and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement; and all checkbooks and check stubs, bank statements, canceled checks, and duplicate deposit slips, for the six-month period preceding the dishonored check report. The respondent failed to comply.

A second request was made by letter dated February 19, 2015, asking the respondent to submit a response within 10 days. The letter also reminded the respondent that his failure to timely respond or otherwise cooperate with the petitioner's investigation constitutes professional misconduct independent of the merits of the underlying complaint. The respondent failed to submit a response.

On May 14, 2015, after several adjournments, the respondent appeared before the petitioner, with counsel, for an examination under oath (hereinafter the EUO). During the EUO the respondent continued to assert that the funds necessary to pay check No. 1031 were in the escrow account at the time the dishonored check report was generated. The petitioner again demanded that the respondent produce the required records, which request was confirmed by letter dated May 14, 2015, personally delivered to the respondent at the EUO.

Notwithstanding the foregoing requests, the respondent failed to provide the requested bank and bookkeeping records to the petitioner.

Charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) by failing to cooperate with the petitioner in its investigation of a complaint filed by Carla Calabrese, as follows:

The factual specifications of charges one and two are repeated and realleged as if more fully set forth herein. By letter dated June 29, 2015, sent to both the respondent's business address and his last known home address, the respondent was notified of the Calabrese complaint, and was requested to submit an answer within 10 days. When the respondent failed to respond, a second request was made by letter dated July 30, 2015, which requested that the respondent submit his answer within 10 days, and reminded him that his failure to timely respond or otherwise cooperate constitutes professional misconduct independent of the merits of the underlying complaint. The respondent failed to submit a response. A third request was made by letter dated September 25, 2015, sent to the respondent at both his business and home addresses. The respondent was provided with a copy of the petitioner's previous letters, and a demand was made for his answer, together with an explanation for his failure to timely cooperate. The respondent failed to submit a response.

Charge four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

The factual specifications of charges one and two are repeated and realleged as if more fully set forth herein. The respondent misrepresented the status of her settlement when he advised Calabrese that there was a lien against the proceeds of the settlement and that she would not receive the funds until January 2015. Further, the petition, as amended, alleges that the respondent submitted his November 19, 2014 letter, which requested the petitioner not to open an investigation into the dishonored check notification, in an effort to preempt an inquiry concerning Calabrese's settlement funds.

Based upon the factual specifications of charges one and two, charge five alleges that the respondent failed to promptly notify Calabrese that he was in receipt of her settlement funds, and charge six alleges that the respondent failed to promptly deliver the settlement funds in his possession to Calabrese, as requested, and to which she was entitled, in violation of rule 1.15 (c) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge seven alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR

1200.0), by engaging in any or all of the above conduct alleged in charges one through six.

Charge eight alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) by failing to cooperate with both the Nassau County Bar Association Grievance Committee, and the petitioner in their investigations of a complaint filed by Susan Hutter, as follows:

The petitioner received a complaint of professional misconduct against the respondent from Susan Hutter dated November 19, 2013 (hereinafter the Hutter complaint), which alleged that she and her husband, Brian Santeramo, had retained the respondent in relation to injuries sustained in an automobile accident in April 2012, and that the respondent had failed to respond to her status inquiries.

On or about December 11, 2013, the petitioner referred the Hutter complaint to the Nassau County Bar Association Grievance Committee (hereinafter the NCBAGC) for investigation. By letter dated March 28, 2014, the respondent submitted a written answer to the Hutter complaint acknowledging, inter alia, that he was retained in the matter, claiming that he had been diligently working on resolving the case, and stating that the matter remained open. Thereafter, the respondent failed to respond to further inquiries from the NCBAGC for information and documentation. On or about August 27, 2014, the NCBAGC returned the Hutter complaint to the petitioner for further investigation.

By letter dated September 15, 2014, the respondent was advised that the Hutter complaint had been returned to the petitioner due to his failure to cooperate with the NCBAGC investigation. The respondent was requested to provide additional information and documentation within 10 days. When the respondent failed to respond, the petitioner made a second request by letter dated November 7, 2014. Although the respondent was asked to submit his response within 10 days, he failed to do so.

On March 12, 2015, the respondent was served with a judicial subpoena and a judicial subpoena duces tecum requiring his appearance at the office of the petitioner on March 25, 2015, for an EUO, and to bring with him the Hutter legal file.

On May 14, 2015, after several adjournments, the respondent appeared before the petitioner, with counsel, for an EUO,

but failed to produce his legal file relating to his representation of Hutter. During the EUO, the respondent admitted that he had represented Hutter and Santeramo in the matter, and that the statute of limitations had expired in April 2015. He further admitted that he failed to advise Hutter or Santeramo that the statute of limitations had expired. The petitioner once again demanded the respondent to produce a copy of the Hutter legal file, together with an explanation for his failure to timely cooperate, which request was confirmed by letter dated May 14, 2015, and personally delivered to the respondent at the EUO. The respondent thereafter failed to produce his file and other documents related to his representation of Hutter.

Based upon the factual specifications of charge eight, charge nine alleges that the respondent neglected a legal matter entrusted to him by Susan Hutter, in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Charge ten alleges that the respondent failed to communicate with his clients, Hutter and Santeramo, to the extent reasonably necessary to permit the clients to make an informed decision regarding the representation, in violation of rule 1.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). Charge ten is based upon the factual specifications of charge eight, and the fact that the respondent never advised Hutter or Santeramo that the statute of limitations would be expiring or what, if any, legal options were available to them.

Charge eleven alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) by failing to cooperate with petitioner in its investigation of a complaint filed by John Lee, as follows:

On or about November 20, 2014, John Lee filed a complaint of professional misconduct (hereinafter the Lee complaint) against the respondent, which alleged that the respondent neglected an action involving Lee's company, Black Showroom, resulting in a judgment being entered against them. Further, the respondent failed to appeal from the judgment, and failed to communicate with Lee.

By letter dated December 16, 2014, the petitioner notified the respondent that Lee had filed a complaint against him, and requested that he submit a response within 10 days. When he failed to submit a response, a second request was made by letter dated February 19, 2015. Although the respondent was asked to submit his response to the Lee complaint within 10 days, he failed to do so.

At the respondent's EUO on May 14, 2015, he was again requested to provide his answer to the Lee complaint, and to produce supporting documentation, which request was confirmed in writing in a letter dated May 15, 2014, sent to the respondent's counsel. The respondent was again reminded that his unexcused failure to timely respond or otherwise properly cooperate in this matter constitutes professional misconduct independent of the merits of the complaint. The respondent has failed to provide the petitioner with a written answer to the Lee complaint.

By engaging in any or all of the above conduct alleged in charges seven through eleven, charge twelve alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).

Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained all the charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

The petitioner has confirmed that the respondent has no prior disciplinary history.

In determining an appropriate sanction to impose, the record demonstrates that the respondent neglected clients' legal matters, failed to respond to clients' inquiries, made false representations to Calabrese about her settlement funds and misappropriated those funds for his own use and benefit. Further, during the investigation of four complaints of professional misconduct, the respondent failed to provide the petitioner with requested responses, and his bank and bookkeeping records, despite multiple opportunities to do so. In addition, the respondent has not submitted any evidence in mitigation.

Under the totality of the circumstances, we conclude that the respondent's misconduct warrants a suspension from the practice of law for a period of three years, effective immediately, without credit for the time elapsed under the immediate suspension imposed by this Court's order dated April 6, 2016 (2016 NY Slip Op 69428[U]) (see Matter of Pietanza, 132 AD3d 159 [2015]; Matter of Hanrahan, 85 AD3d 61 [2011]).

ENG, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Arnab Bhukta, is suspended from the practice of law for a period of three years, effective immediately, without credit for the time elapsed under the immediate suspension imposed by decision and order of this Court dated April 6, 2016 (2016 NY Slip Op 69428[U]), and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 3, 2020. In such application (*see* 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Arnab Bhukta, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Arnab Bhukta, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Arnab Bhukta, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).