Matter of Bhukta (2019 NY Slip Op 05657)





Matter of Bhukta


2019 NY Slip Op 05657


Decided on July 17, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL, JJ.


2018-04806

[*1]In the Matter of Arnab Bhukta, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Arnab Bhukta, respondent. (Attorney Registration No. 4659470)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 6, 2009. By decision and order on motion dated April 6, 2016, in a separate proceeding under Appellate Division Docket No. 2016-00366, this Court, inter alia, immediately suspended the respondent from the practice of law pursuant to former 22 NYCRR 691.4 (l)(1)(i) and (iii) based upon his failure to cooperate with the Grievance Committee, and other uncontroverted evidence of professional misconduct. By opinion and order of this Court dated August 2, 2017, this Court confirmed a Special Referee's report sustaining all charges in that proceeding, and suspended the respondent from the practice of law for a period of three years, effective immediately, without credit for the time elapsed under the immediate suspension imposed by order dated April 6, 2016 (see Matter of Bhukta, 153 AD3d 292), based upon unrelated charges.



Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On October 1, 2018, the Grievance Committee for the Tenth Judicial District served the respondent, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service with a notice of petition and a verified petition, both dated March 20, 2018, and duly filed those papers with this Court together with an affidavit of service. The verified petition contains seven charges of professional misconduct, which allege, inter alia, that the respondent misappropriated settlement funds entrusted to him as a fiduciary, incident to his practice of law, with respect to his client Anthony Genchi; failed to deliver settlement funds to Genchi; misrepresented the status of Genchi's settlement when he told Genchi that he had not received the funds; and failed to cooperate with the Grievance Committee in its investigation of the Genchi complaint, and a sua sponte complaint arising out of his failure to re-register with the Office of Court Administration. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his [*2]default. Although the motion papers were served by the Grievance Committee, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service upon the respondent on November 2, 2018, he has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Arnab Bhukta, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Arnab Bhukta, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Arnab Bhukta, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Arnab Bhukta, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court